996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. ANDERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1245.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard L. Anderson, a pro se federal prisoner, appeals from the order of the district court denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Anderson has also filed a motion to proceed in forma pauperis. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Anderson pleaded guilty to one count of conspiracy to defraud the United States government. 18 U.S.C. § 286. He was sentenced to two years imprisonment, ordered to make restitution in the amount of $117,400, and made to pay a special assessment of $50. He did not appeal his conviction. Instead, Anderson filed a petition for a writ of habeas corpus which, because he is a federal prisoner, was construed as a motion to vacate sentence.
 
 
 3
 The case was submitted to a magistrate judge who recommended that Anderson's motion be denied. The magistrate judge reasoned that absent cause and prejudice resulting from Anderson's failure to appeal his conviction, he was not entitled to raise on collateral attack alleged errors which could have been raised on direct appeal. Additionally, the magistrate judge concluded that even if Anderson had not procedurally defaulted, his claims failed to state grounds cognizable under 28 U.S.C. § 2255. Upon de novo review, the district court adopted the magistrate judge's report and recommendation over Anderson's objections.
 
 
 4
 Upon review, we find no error. Anderson procedurally defaulted in two ways. He did not appeal from his conviction, and he did not assert any allegations of error at the time of his sentencing. The "cause and prejudice" test applies to determine whether a movant should be excused for failing to comply with a procedural rule which required him to have done something at trial to preserve his claimed error for appellate review. A movant's claims are barred absent a showing of cause for his procedural default and actual prejudice resulting from the errors of which he complains. United States v. Frady, 456 U.S. 152, 167-69 (1982).
 
 
 5
 Anderson makes no showing of what caused him to forego an appeal of his conviction or what prevented him from objecting to complaints about his presentence investigative report at the time of his sentencing. Accordingly, Anderson's motion to proceed in forma pauperis is granted, and the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.